■ TIMOTHY FARMER et al., Respondents, v CITY OF NEW YORK et al., Defendants, and CHOR FAI LI et al., Appellants. [807 NYS2d 303]—In an action to recover damages for personal injuries, etc., the defendants Chor Fai Li and Chung Lan Li appeal (1) from an order of the Supreme Court, Queens County (Flug, J.), dated January 30, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court dated October 15, 2004, as denied that branch of their motion which was for leave to renew.

Ordered that the order dated January 30, 2004, is reversed, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Chor Fai Li and Chung Lan Li, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated October 15, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants Chor Fai Li and Chung Lan Li.

The defendants Chor Fai Li and Chung Lan Li established their prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any triable issue of fact as to the location of the accident which allegedly caused the injuries sustained by the plaintiff Timothy Farmer (hereinafter the plaintiff) (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence submitted by those defendants established that the plaintiff did not fall on the sidewalk abutting their property. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York, supra* at 562).

In light of our determination, the appeal from the order dated October 15, 2004, denying that branch of the motion of the defendants Chor Fai Li and Chung Lan Li which was for leave to renew their motion for summary judgment, has been rendered. academic. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.